UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POLLY FAYE GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0430-B |
| | § | |
| WALMART, INC., and JOHN DOE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Polly Faye Griffin's motion to remand. Doc. 6. For the following reasons, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

This is a personal-injury case. On June 8, 2017, Defendant John Doe, an unknown deliveryman from Texas, allegedly caused boxes to fall on and injure Griffin while she was shopping at a Walmart in Seven Points, Texas. Doc. 1-B, Pl.'s Original Pet., 1–2. In January 2018, Griffin filed suit against Doe and Defendant Walmart, Inc. (a Delaware corporation with its principal place of business in Arkansas)[2] for negligence and premises liability in Texas state court. *Id.* at 1. Shortly

---

[1] The Court draws its facts from Griffin's original petition, Doc. 1-B, and the parties' motion-to-remand briefing.

[2] Walmart, Inc. at no point identifies its citizenship in its briefing. It does, however, assert that Wal-Mart Stores Inc. is a Delaware corporation with its principal place of business in Arkansas. Doc. 1, Notice of Removal, 3. Wal-Mart Stores Inc. changed its name in February 2018 to Walmart, Inc. *See* Walmart Changes its Legal Name to Reflect How Customers Want to Shop, Walmart (Dec. 6, 2017), https://news.walmart.com /2017/12/05/ walmart-changes-its -legal-name-to-reflect-how-customers-want-to-shop ("Walmart . . . change[d] [its] legal name from Wal-Mart Stores, Inc. to

thereafter, Griffin served Walmart, Inc. Doc. 1-D, Proof of Service. That February, nonparty Wal-mart Stores Texas, LLC (a Delaware LLC headquartered in Arkansas with members from Delaware and Arkansas, Doc. 1, Notice of Removal, 2–3), an entity distinct from Walmart Inc., removed the case to this Court on the basis of diversity jurisdiction. *Id.* at 1–3. Griffin filed a motion to remand, arguing that Wal-mart Stores Texas, LLC cannot remove this case because it is not a defendant—Griffin sued and served Walmart, Inc., not Wal-mart Stores Texas, LLC. Doc. 6, Pl.'s Mot. to Remand, 1–3; *see also* Pl.'s Reply, 1–3. Wal-mart Stores Texas, LLC asserts it had the authority to remove this case because it is the entity Griffin should have sued (the real party in interest) because the Walmart in Seven Points is operated by Wal-mart Stores Texas, LLC, not Walmart, Inc. Doc. 8, Defs.' Resp., 3–4. Griffin's motion to remand is ripe for resolution.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* 28 U.S.C. § 1441(a) allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. This case was removed on the basis of diversity

---

Walmart Inc. effective Feb. 1, 2018."); *see also* Matthew Boyle, <u>Wal-Mart Plans to Change Its Name</u>, Bloomberg (Dec. 6, 2017, 3:03PM), https://www. bloomberg.com/ news/articles/ 2017-12 -06/wal-mart-to-change- name- reflecting-shift-from- bricks-to-clicks ("Wal-Mart Stores Inc. . . . announced plans to change its legal name to Walmart Inc. on Feb. 1, the start of its next fiscal year."). As long as Walmart, Inc.'s citizenship and principal place of business did not change along with its name, Walmart, Inc. "is a citizen of Delaware with its principle place of business in Arkansas." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But to invoke the statute, the parties must be completely diverse, meaning "each plaintiff must be of a different citizenship than each defendant." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).

**III.**

**ANALYSIS**

Griffin asks the Court to remand this case because Wal-mart Stores Texas, LLC did not have authority to remove this case as a nonparty. Doc. 6, Pl.'s Mot. to Remand, 1–3; *see also* Pl.'s Reply, 1–3. Wal-mart Stores Texas, LLC insists that its notice of removal was proper because the Walmart store in which Griffin allegedly was injured is operated by Wal-mart Stores Texas, LLC, not Walmart, Inc. Doc. 8, Defs.' Resp., 3–4. Griffin replies that whether she should have sued Wal-mart Stores Texas, LLC is irrelevant when determining what party has the authority to remove. Doc. 9, Pl.'s Reply, 2–3. Griffin never admits that she sued the wrong entity.

The Court agrees with Griffin that Wal-mart Stores Texas, LLC did not have the authority to remove this case because it is not a defendant and never has been. 28 U.S.C. § 1441(a) gives the power to remove only to defendants: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The Fifth Circuit confirmed this when it held that "[a] non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437

(5th Cir. 2014) (per curiam) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). There, the Fifth Circuit found that State Farm, the self-proclaimed party in interest, could not remove because it was not a defendant; De Jongh did not name or serve State Farm, and State Farm did not move to intervene. *Id.* Similarly, Walmart, Inc., not Wal-mart Stores Texas, LLC, was named in the complaint and served. Doc. 1-D, Proof of Service. And Wal-mart Stores Texas, LLC has not sought to intervene. Wal-mart Stores Texas, LLC's attempt to correct Griffin's alleged mistake[3] in its responsive briefing, *see, e.g.*, Doc. 8, Def.'s Resp., 1 (COMES NOW, WAL-MART, INC., (correct name Wal-Mart Stores Texas, LLC)), does not give Wal-mart Stores Texas, LLC the ability to remove. *De Jongh*, 555 F. App'x 437–38 (explaining that an alleged party of interest cannot make itself a defendant by stating that naming the defendant was "a misnomer and that it is the correct defendant"). After all, plaintiffs are the masters of their complaints and can choose to sue any

---

[3] As far as mistakes go, courts sometimes distinguish between misidentification and misnomer. "The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing suit against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled. This is in contrast to a misidentification, which 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.'" *De Jongh*, 555 F. App'x at 438 n.4 (5th Cir. 2014) (quoting *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). Courts are much more forgiving when it comes to misnomers; "[a] misidentification, unlike a misnomer, does not toll the statute of limitations." *Id.* Griffin does not concede that she sued the wrong entity, but assuming she did, her mistake would be classified as a misidentification because Wal-mart Stores Texas, LLC and Walmart, Inc. both exist and have similar names. But in the statute-of-limitations context, courts will forgive a misidentification if the entities "are separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* This exception would likely apply here because Wal-mart Stores Texas, LLC received notice of the suit evidenced by its notice of removal. But the Court does not give the misnomer/misidentification dichotomy weight here because the Fifth Circuit has discounted it outside of the statute-of-limitations context and when the plaintiff disputes the nonparty's claim that it is the party of interest or the entity the plaintiff should have sued. *Id.*

entities they wish "[r]ightly or wrongly." *Martinez v. El Paso Corp.*, No. EP-11-CV-143-KC, 2011 WL 3606813, at *2 (W.D. Tex. Aug. 16, 2011).

Wal-mart Stores Texas, LLC is not a defendant, and it cannot make itself one by filing a notice of removal and asserting it is the real party in interest; whether Wal-mart Stores Texas, LLC is the real party in interest, or in other words, the entity Griffin should have sued, is irrelevant when deciding whether it had the authority to remove. Instead, deciding whether a party has the power to remove a case to federal court under § 1441(a) and *De Jongh* depends on whether that party is a defendant. So the Court must remand because Wal-mart Stores Texas, LLC is not a defendant and therefore did not have the authority to file the notice of removal. *De Jongh*, 555 F. App'x at 437–39.

Districts courts from the Middle and Eastern Districts of Louisiana[4] have reached the opposite conclusion where, as here,[5] the parties would be diverse even when considering the citizenship of the removing nonparty in interest.[6] They bypass *De Jongh*'s broad language ("A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings," 555 F. App'x at 437) because in their view "*De Jongh* addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a

---

[4] *See, e.g.*, *Richard v. USAA Cas. Ins. Co.*, No. CV 17-00175-BAJ-EWD, 2017 WL 8944429 (M.D. La. Nov. 30, 2017); *Kling v. Cox Commc'ns Inc.*, No. CV 17-690-SDD-EWD, 2017 WL 5762444 (M.D. La. Nov. 3, 2017); *Varrecchio v. Moberly*, No. CV 17-670-BAJ-EWD, 2017 WL 4274437 (M.D. La. Sept. 26, 2017); B*yrd v. Norman*, No. CV 16-563-JWD-EWD, 2017 WL 1505122 (M.D. La. Apr. 10, 2017); *Lefort v. Entergy Corp.*, No. CIV.A. 15-1245, 2015 WL 4937906 (E.D. La. Aug. 18, 2015).

[5] The Court does not take into account Doe's alleged Texas citizenship, which, if considered, would destroy diversity, because he is known under a fictitious name. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

[6] Neither party addresses these cases.

non-diverse one." *Richard*, 2017 WL 8944429, at *2.[7] So according to those courts, *De Jongh*'s holding only applies when a diverse removing nonparty manufactures diversity jurisdiction by substituting itself, the real party of interest, for the non-diverse defendant.

The Court respectfully disagrees with these cases because they conflict with the plain language of § 1441(a) and the Fifth Circuit's application thereof in *De Jongh*. Section 1441(a) gives the power to remove to defendants only. And *De Jongh*'s language ("A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings," 555 F. App'x at 437) applies as broadly as it sounds because it is based on § 1441(a)'s plain language, which states that only defendants can remove. Indeed, the Fifth Circuit's decision to remand in *De Jongh* stood solely on the fact that the removing party was not a defendant.

> Here, State Farm never became a party in this action. Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently, it lacked the authority to remove this action to federal court.

---

[7] *See also Byrd*, 2017 WL 1505122, at *3 ("Although the language of *De Jongh* appears broad, the situation addressed in *De Jongh* involved the manufacturing of federal subject matter jurisdiction via substitution of a non-diverse defendant."); *Kling*, 2017 WL 5762444, * 1 ("Because the Notice of Removal was not filed by Cox, Inc., the sole defendant named in the state court Petition, the undersigned issued a Notice and Order on September 29, 2017, requiring Cox, LLC to file an amended comprehensive Notice of Removal properly alleging the citizenship of Cox, Inc. to show that the de facto substitution of Cox, LLC in the place of Cox, Inc., to the extent that such substitution would be proper, would not result in the manufacturing of diversity jurisdiction in contravention of *De Jongh*."); *Varrecchio*, 2017 WL 4274437, at *3 ("[T]he de facto substitution of State Farm in the place of State Farm Mutual Automobile Insurance Companies—to the extent that such substitution would be proper—would not result in the manufacturing of diversity in contravention of *De Jongh*."); *Lefort*, 2015 WL 4937906, at *3 ("*Salazar* explicitly seeks to remedy the manufacturing of diversity jurisdiction by sua sponte substitution where there would otherwise be none. Although *De Jongh* is more broadly phrased, it effectively addressed the same situation.").

555 F. App'x at 437; *see also id.* at 438 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court."). Absent from *De Jongh* is any discussion about how permitting the diverse party of interest to remove would result in diversity-jurisdiction manufacturing even though State Farm (the removing party in *De Jongh*) would have created diversity. *Compare*, *id.* at 436 ("State Farm was a citizen of Illinois, Florida, and Pennsylvania"), *with id.* at 439 ("[T]he district court lacked subject matter jurisdiction because each of the proper parties in this action—Jongh, Lloyds, and Johnson—are Texas residents."). So under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity jurisdiction.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Griffin's motion to remand, Doc. 6, and **REMANDS** this case to state court.

SO ORDERED.

SIGNED: May 25, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE